```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

 SURGICORE OF JERSEY CITY,

                    Plaintiff,           MEMORANDUM & ORDER
                                         19-CV-3485(EK)(RML)

           -against-

 EMPIRE HEALTHCHOICE ASSURANCE,
 INC.,

                    Defendant.

---------------------------------------x
```
ERIC KOMITEE, United States District Judge:

Surgicore's motion for reconsideration is hereby DENIED. The motion generally restates arguments that the Court already rejected; but a motion for reconsideration is "not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Surgicore also argues that it was not required to allege the timely submission of its request for reimbursement in support of its Prompt Pay Law claim, notwithstanding the Court's suggestion to the contrary. But this argument does not justify reconsideration: First, Surgicore failed to make this argument in its original brief in opposition, ECF No. 21, despite the defendant's having argued that the complaint was legally deficient because of this particular omission. It is well-

settled that a movant may not raise new arguments on a motion for reconsideration. *See Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, 255 F. App'x 593, 595 (2d Cir. 2007). And second, Surgicore's argument is weak on its merits. Under the Prompt Pay statute, the timeline for the insurer's obligation to pay or dispute a claim begins to run from the insurer's receipt of the claim. Here, the complaint alleged that Surgicore sent a claim for reimbursement to a different insurance company – Anthem, not Empire – and said nothing about when that claim was purportedly submitted. On Surgicore's conclusory allegations, no reasonable inference that Empire failed to meet the relevant deadline was possible. *See, e.g.*, *Michael E. Jones M.D., P.C. v. UnitedHealth Grp., Inc.*, No. 19-CV-7972, 2020 WL 4895675, at *6 (S.D.N.Y. Aug. 19, 2020) (dismissing Prompt Pay Law claim where, among other things, "the Complaint [was] entirely devoid of factual content as to the timing of submitted claims").

Plaintiff cites *Maimonides Medical Center v. First United American Life Insurance Company*, 116 A.D.3d 207 (2d Dep't 2014), for the proposition that timely submission of the reimbursement request is not an element of the claim. *Maimonides Medical*, however, primarily concerned the issue of whether the Prompt Pay Law provides a private right of action; the sufficiency of the complaint's allegations regarding the timing of the reimbursement request was not in dispute.

2

*Maimonides Medical* is also distinguishable in that, among other things, that case involved no suggestion that the plaintiff alleged the submission of its request to the wrong entity (unlike here).

      The Court has considered all of Plaintiff's other arguments for reconsideration, and finds them to be without merit.

      SO ORDERED.

                                                        /s/ Eric Komitee
                                                ERIC KOMITEE
                                                United States District Judge

Dated:     January 12, 2022
             Brooklyn, New York